IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS –
HOUSTON DIVISION

| | | |
|---|---|---|
| TOBY JAMES, | § | |
| | § | |
| Plaintiff, | § | CA: 4:11-cv-1183 |
| v. | § | |
| | § | |
| CONCEPTUS, INC., | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND TO COMPEL ARBITRATION

On July 15, 2010, Congress enacted P.L. 111-203, the Dodd-Frank Wall Street Reform and Consumer Protection Act. It was signed into law on July 21, 2010. The Act renders Conceptus' alleged arbitration agreement unenforceable.[1] Accordingly, James submits this brief in opposition to Defendant's Motion to Dismiss and to Compel Arbitration.

Section 922(c)(2) of the Dodd-Frank Act enhances whistleblower protections under federal securities law. Among other things, the Act supplements the Sarbanes-Oxley Act's whistleblower protections by adding a new sub-section (e) to the end of 18 U.S.C. § 1514A:

   (e)   NONENFORCEABILITY OF CERTAIN PROVISIONS WAIVING RIGHTS AND

---

[1] It is important to note that the alleged arbitration agreement is nothing more than a paragraph buried within a document entitled "Proprietary Information and Inventions Agreement," which, per the document footer, was apparently created on October 28, 1996 - long before the Dodd-Frank Act was enacted. *See* Exhibit "A" to Defendant's Motion. It appears to have been signed by James in August 2008, also before the enactment of the Dodd-Frank Act. It also, unjustly, requires James, an unemployed, single man who worked for Conceptus in Texas, to arbitrate the case in San Mateo County, California, and pay half of the arbitration filing fees, hearing fees, and cost of the arbitrator.

REMEDIES OR REQUIRING ARBITRATION OF DISPUTES. —

* * * *

(2) PREDISPUTE ARBITRATION AGREEMENTS.—No predispute arbitration agreement shall be valid or enforceable, **if the agreement requires** arbitration of a dispute arising under this section.

*See* excerpts from Dodd-Frank Act, p. 473 (emphasis added), attached hereto as Exhibit "A". Indeed, § 1079(b) of the Dodd-Frank Act contains significant enhancements to the anti-retaliation provisions of the False Claims Act, 31 U.S.C. § 3730(h), which is the basis for James' lawsuit against Conceptus. These provisions became effective upon the law's passage.[2]

In its Motion to Dismiss and to Compel Arbitration, Conceptus touted the broad scope of federal arbitration law, asserting that all doubts whether a dispute would be covered by the arbitration agreement must be resolved in favor of arbitration. Docket Entry No. 5, p. 3-6. It insisted that the putative arbitration agreement here was comprehensive, requiring arbitration of "all employment disputes." *Id.* at 4, Sec. B. It went further to quote the agreement, proclaiming that "[t]he arbitration agreement in this case is very broad, covering that 'any dispute that [James] may have with the Company or any of its employees, which arises out of [his] employment or the termination of that employment, shall be resolved through final and binding arbitration.'" *Id. at 5.* By design, disputes arising under 18 U.S.C. § 1514A arise out of (and pertain to) the employment relationship. *See* 18 U.S.C. 1514A(a) (barring

---

[2]*See* http://uscode.house.gov/classification/tbl111cd_2nd.htm (classification table noting amendments to U.S. Code during the 111th Congress, 2nd Session; noting that 18 U.S.C. § 1514A has been amended by P.L. 111-203,§§ 922(b) and (c). Section 922(c) contained the above-referenced amendments to the Sarbanes-Oxley Act.

regulated companies from discharging, demoting, suspending, threatening, harassing or in any other manner discriminating against employees in the terms and conditions of employment because of certain lawful whistleblowing acts done by the employee).

Thus, Defendant's own argument establishes that the putative agreement – assuming it ever was enforceable – would require arbitration of employment claims arising under § 922 of the Dodd-Frank Act.[3]

As a matter of national policy, Congress has now established that if an arbitration agreement requires arbitration of Sarbanes-Oxley retaliation claims then the agreement is not valid or enforceable. The statutory language is entirely unambiguous in this respect. Accordingly, as a matter of law, this Court must deny Defendant's Motion to Dismiss and to Compel Arbitration.

Finally, James notes that this is not the first time a congressional or regulatory enactment has had the effect of invalidating predispute arbitration agreements, even as to disputes that accrued before the new law or regulation became effective. In *Ames v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 567 F.2d 1174 (2nd Cir. 1977), the court considered amendments to the Commodities Exchange Act and certain regulations issued thereunder. Ames had opened an account in November 1975 that required any disputes to be submitted to arbitration under the New York Stock Exchange's rules. Ames filed suit on July 13, 1976, alleging that in January of that year Merrill Lynch

---

[3] James also notes that a separate provision amends the Commodity Exchange Act by adding new whistleblower protections for individuals who provide information relating to a violation of that act. These amendments likewise create new legal rights for employees, and contain an identical provision declaring arbitration agreements invalid and unenforceable if they require arbitration of disputes arising under the amendments. *See* Exhibit "A," pp. 364-65, 368-69 and 371.

had begun deviating from an agreed commodities trading program in order to run up commissions. Merrill Lynch moved to compel arbitration and Ames responded, pointing to a new CFTC regulation that became effective on November 29, 1976. The new regulation established that predispute arbitration agreements were not valid unless they were part of a separate document, unless opening an account was not conditioned upon their execution, and unless they contained certain warnings in large print. The trial court compelled arbitration and the Second Circuit reversed, holding that the courts "must apply the law as it exists at the time of its decision, even where the law has changed during the pendency of the action, unless the statute or legislative history reveals an intention of prospective application only, or retroactive application would lead to 'manifest injustice.'" *Ames*, 567 F.2d at 1177, quoting *Bradley v. Richmond School Board*, 416 U.S. 696, 711 (1974).

Finding neither evidence of an intent that it apply only prospectively or proof of manifest injustice, the court declared Ames' arbitration agreement unenforceable due to the change in the law. *Ames*, 567 F.2d at 1181.

The Sixth Circuit followed suit in *Curran v. Merrill Lynch, Pierce, Fenner and Smith, Inc.*, 622 F.2d 216 (6th Cir. 1980), *aff'd on other grounds*, 456 U.S. 353 (1982). *Curran* also involved accounts at Merrill Lynch. The plaintiffs there had opened their accounts in 1973 agreeing, as had Ames, to arbitrate any disputes. The agreement also provided that such arbitrations must be commenced within one year after the accrual of such a claim. Litigation commenced on April 5, 1976, and Merrill Lynch argued that it was untimely, not having been brought within one year of the alleged fraud that

caused plaintiffs to open their accounts. The plaintiffs argued, in turn, that the one year limitation provision was tied to the arbitration clause and, if the arbitration provision itself was impermissible, then the statute of limitations provision failed as well. Relying upon *Ames*, the *Curran* court declared the arbitration agreement unenforceable and, thus, invalidated the shortened statute of limitations.

*Curran* noted that the retroactive effect of an alteration in a regulatory scheme generally depends upon whether it affects litigation at a point which causes a result so unfair and inequitable that it is unconstitutional. *Curran*, 622 F.2d at 228. But because the plaintiffs there had been seeking relief from the arbitration clause from an early stage of the litigation, and since no surprise or other unfairness was apparent in the record, the court did not find that retroactive application of the new CFTC regulation would result in manifest injustice.

Other federal statutes recently enacted contain similar bans on arbitration agreements in the employment context. For instance, § 1553 of the American Recovery and Reinvestment Act of 2009 provides that "no predispute arbitration agreement shall be valid or enforceable if it requires arbitration of a dispute arising under this section." Pub. L. No. 111–5, § 1553, 123 Stat. 115, 301 (2009).

In addition, § 8116 of the Department of Defense Appropriations Act of 2010 prohibits federal contractors and subcontractors on large defense projects from requiring, as a condition of employment, employees and independent contractors to enter into arbitration agreements with respect to civil rights and torts claims arising out of that employment. Pub. L. 111–118, § 8116, 123 Stat. 3409, 3454–55 (2009).

Finally, there are two (2) recent cases worth noting. The first is *Pezza v. Investors Capital Corp.*, 2011 WL 767982 (2011) in which District Judge Woodlock in Massachusetts held to be invalid a pre-dispute arbitration agreement covering Sarbanes-Oxley whistleblower claims, denied the defendant's motion to dismiss and to compel arbitration.

Although that case was filed just before the enactment of the Dodd-Frank Act and dealt, in part, with the issue of retroactivity (which is not an issue in the case at bar), Judge Woodlock concluded that "...this Court, rather than a FINRA arbitration panel, has subject matter jurisdiction over Pezza's whistleblower claim." *Id.* at *8.

The second case is one with which your Honor will be familiar, *Hiller v. Meritage Homes of Texas, LLC*, 2011 WL 1232065 (2011), in which this Court was faced with the nearly identical Dodd-Frank Act issues presented in the case at bar. However, as this Court is well aware, it did not address these issues because the subject arbitration agreement was found to be unenforceable on other grounds. *Id.* at *2, fn. 3.

This case is no different than the above-cited cases and statutory authority. James filed suit. Conceptus sought arbitration. James opposes arbitration, and unlike *Curran*, James is able to present Congress' new regulatory scheme to the district court prior to a ruling. Unlike *Pezza*, James has no retroactivity issues.

The plain language of the Dodd-Frank Act renders Conceptus' predispute arbitration agreement unenforceable. It would be unjust to require that James must arbitrate pursuant to an agreement that is now unquestionably unenforceable under federal law. Setting aside the Dodd-Frank Act, it also offends a general sense of

fairness to force an unemployed Texas citizen who was Texas-based while employed by Defendant to pay half the costs to arbitrate a case in California. If arbitration was so important to Conceptus, it would not have placed the provision deep within a document created in 1996 and entitled "Proprietary Information and Inventions Agreement."

For all of these reasons, Defendant's motion should be denied.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP


By:   */s/ Martin A. Shellist*
　　　Martin A. Shellist
　　　State Bar No. 00786487
　　　Fed. I.D. 16456
　　　3D International Tower
　　　1900 West Loop South, Suite 1910
　　　Houston, Texas  77027
　　　Telephone:  (713) 621-2277
　　　Telecopier:  (713) 621-0993

**ATTORNEYS FOR PLAINTIFF
TOBY JAMES**


CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2011, a true and correct copy of the foregoing was served on the following counsel of record via the Court's ECF system:

Kent M. Adams
3355 West Alabama, Suite 400
Houston, Texas 77098

　　　*/s/ Martin A. Shellist*
　　　**Martin A. Shellist**